(No. 4547-)

RAY SERGENT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 30, 1953.*

JENKINS, OLSEN AND CANTRILL, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

FEARER, J.

Claimant, in his written complaint filed on March 20, 1953, alleged in substance that on August 4, 1952 he was riding in the right front seat of an automobile being driven by Doris Sergent; and that the automobile was proceeding in a southerly direction on U. S. Highway No. 66, approximately one mile south of Spring-

field, Illinois. After stopping at the sign at the intersection of U. S. Highway No. 66 with the road, which by-passes the City of Springfield, and while proceeding slowly across the intersection, a direction sign located about 25 feet south of said stop sign fell, or was blown upon the automobile in which the claimant was riding. Claimant's right arm was resting upon the window frame of the automobile, and the sign fell upon his right elbow causing a wound, which required medical attention. Claimant further alleges that respondent was negligent in constructing said sign with an inadequate base, and in erecting it so close to the traveled portion of the highway as to endanger persons rightfully using the highway.

A stipulation was filed waiving briefs and arguments of both claimant and respondent.

The evidence produced, consisting of the testimony of the claimant and a report of the Division of Highways, fairly tended to show that the direction sign had been placed immediately adjacent to the traveled portion of the highway, and it fell, or was blown upon the claimant and the automobile in which he was riding, at the instant said automobile was passing the sign. No explanation as to why the sign fell was offered by respondent. From the testimony of claimant, it would appear that the sign was blown over by a gust of wind. Obviously, the State of Illinois has a duty to the motoring public to so place and erect State highway signs in such a manner that they will not, because of their own weight and instability, fall upon persons using the public highways. While the evidence as to whether the respondent, or the contractor, who was then working upon the highway, placed the sign is extremely meager, in our opinion this is immaterial, in

view of the fact that respondent provided the sign, and the portable "A" frame barricade horse to which the sign was affixed. Also, respondent failed to introduce any evidence indicating that it was not responsible for the placing of the sign. Naturally this fact was not, and of necessity could not be, within the knowledge of claimant. Such a defense is in the nature of an affirmative defense, which would rest upon respondent to prove by a preponderance of the evidence.

The claimant demanded the sum of Five Thousand Dollars ($5,000.00). His evidence proved expenditures for medical treatment in the sum of Twenty Dollars ($20.00), and loss of earnings in the amount of One Hundred and Fifty-Five Dollars and Twenty Cents ($155.20). In addition, the claimant is entitled to the sum of One Hundred and Seventy-Five Dollars ($175.00) for pain and suffering, or a total of Three Hundred and Fifty Dollars and Twenty Cents ($350.20).

The Court, therefore, awards to claimant, Ray Sergent, the sum of Three Hundred and Fifty Dollars and Twenty Cents ($350.20).